**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 13-cv-00500-REB

CINDY E. CIRA,

    Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

    Defendant.

**ORDER REVERSING DISABILITY
DECISION AND REMANDING TO COMMISSIONER**

**Blackburn, J.**

The matter before me is plaintiff's **Complaint** [#1],[1] filed February 26, 2013, seeking review of the Commissioner's decision denying plaintiff's claim for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 401, *et seq.* I have jurisdiction to review the Commissioner's final decision under 42 U.S.C. § 405(g). The matter has been fully briefed, obviating the need for oral argument. I reverse and remand.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges that she is disabled as a result of asthma, left knee osteoarthritis, degenerative joint disease of the lumbar spine, depression, and anxiety. After her

---

[1] "[#1]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

application for disability insurance benefits was denied, plaintiff requested a hearing before an administrative law judge. This hearing was held on June 28, 2011. At the time of the hearing, plaintiff was 45 years old. She has high school education and past work experience as a respiratory therapist. She has not engaged in substantial gainful activity since February 27, 2008, her alleged date of onset.

The ALJ found that plaintiff was not disabled and therefore not entitled to disability insurance benefits. Although the medical evidence established that plaintiff suffered from severe impairments, the judge concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations. The ALJ found that plaintiff had the residual functional capacity to perform unskilled, sedentary work with certain postural and environmental restrictions requiring no more than minimal direct contact with the general public. Although this finding precluded plaintiff's past relevant work, the ALJ concluded that there were jobs existing in significant numbers in the national and local economies that she could perform. She therefore found plaintiff not disabled at step five of the sequential evaluation. Plaintiff appealed this decision to the Appeals Council. The Council affirmed. Plaintiff then filed this action in federal court.

## II.  STANDARD OF REVIEW

A person is disabled within the meaning of the Social Security Act only if her physical and/or mental impairments preclude her from performing both her previous work and any other "substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2). "When a claimant has one or more severe impairments the Social Security [Act] requires the [Commissioner] to consider the combined effects of the

impairments in making a disability determination." **Campbell v. Bowen**, 822 F.2d 1518, 1521 (10th Cir. 1987) (citing 42 U.S.C. § 423(d)(2)(C)).  However, the mere existence of a severe impairment or combination of impairments does not require a finding that an individual is disabled within the meaning of the Social Security Act.  To be disabling, the claimant's condition must be so functionally limiting as to preclude any substantial gainful activity for at least twelve consecutive months.  **See Kelley v. Chater,** 62 F.3d 335, 338 (10th Cir. 1995).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled:

1. The ALJ must first ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

2. The ALJ must then determine whether the claimed impairment is "severe."  A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities.

3. The ALJ must then determine if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations.

4. If the claimant's impairment does not meet or equal a listed impairment, the ALJ must determine whether the claimant can perform his past work despite any limitations.

5. If the claimant does not have the residual functional capacity to perform her past work, the ALJ must decide whether the claimant can perform any other gainful and substantial work in the economy.  This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

20 C.F.R. § 404.1520(a)(4)(i)-(v).  **See also Williams v. Bowen** 844 F.2d 748, 750-52

(10th Cir. 1988). The claimant has the initial burden of establishing a disability in the first four steps of this analysis. **Bowen v. Yuckert**, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 2294 n.5, 96 L.Ed.2d 119 (1987). The burden then shifts to the Commissioner to show that the claimant is capable of performing work in the national economy. **Id.** A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. **Casias v. Secretary of Health & Human Services**, 933 F.2d 799, 801 (10th Cir. 1991).

Review of the Commissioner's disability decision is limited to determining whether the ALJ applied the correct legal standard and whether the decision is supported by substantial evidence. **Hamilton v. Secretary of Health and Human Services**, 961 F.2d 1495, 1497-98 (10th Cir. 1992); **Brown v. Sullivan**, 912 F.2d 1194, 1196 (10th Cir. 1990). Substantial evidence is evidence a reasonable mind would accept as adequate to support a conclusion. **Brown**, 912 F.2d at 1196. It requires more than a scintilla but less than a preponderance of the evidence. **Hedstrom v. Sullivan**, 783 F.Supp. 553, 556 (D. Colo. 1992). "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." **Musgrave v. Sullivan**, 966 F.2d 1371, 1374 (10th Cir. 1992). Further, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." **Thompson v. Sullivan**, 987 F.2d 1482, 1487 (10th Cir. 1993). Although a reviewing court should meticulously examine the record, it may not reweigh the evidence or substitute its discretion for that of the Commissioner. **Id.**

### III. LEGAL ANALYSIS

Plaintiff points out, and the Commissioner concedes, that the ALJ found that

plaintiff's residual functional capacity required that she have no more than minimal direct contact with the general public. (Tr. 15.) However, the ALJ failed to include such a limitation in her hypothetical to the vocational expert. (*See* Tr. 46-47.) Because I find this error warrants remand, I do not address directly plaintiff's arguments alleging that the ALJ improperly weighed and assessed the various medical source opinions of record regarding her physical and mental impairments. **See Watkins v. Barnhart**, 350 F.3d 1297, 1299 (10th Cir. 2003); **Gorringe v. Astrue**, 898 F.Supp.2d 1220, 1225 (D. Colo. 2012). Nevertheless, the entirety of the disability determination must be reevaluated on remand, for the reasons more fully articulated herein.

The Commissioner concedes that the ALJ failed to include the limitation of minimal direct contact with the public in her hypothetical to the vocational expert. "[T]estimony elicited by hypothetical questions that do not relate with precision all of a claimant's impairments cannot constitute substantial evidence to support the [Commissioner's] decision." **Hargis v. Sullivan**, 945 F.2d 1482, 1492 (10th Cir. 1991) (citation and internal quotation marks omitted). Contrary to the Commissioner's suggestion, the ALJ's limitation of plaintiff to unskilled work save her failure to adequately develop the record in this regard.[2] There is no direct correspondence between the skills necessary to do a job and the mental demands of that same job. **See Chapo v. Astrue**, 682 F.3d 1285, 1290 n.3 (10th Cir. 2012) (limitation to unskilled work "just accounted for issues of skill transfer, not impairment of mental functions – which

---

[2] Even if the Commissioner had made an effort to substantiate her assertion that "[t]he jobs that the vocational expert identified are office jobs that do not involve interaction with the general public" (**Def. Resp. Br.** at 17) – which she has not – it would be beyond the scope of this court's authority to engage in such fact finding in this appeal.

are not skills but, rather, general prerequisites for most work at any skill level") (citation and internal quotation marks omitted).

This issue alone is sufficient to require remand. I thus do not specifically address plaintiff's arguments regarding the ALJ's weighing of the various medical opinions of record. *See Carbajal v. Astrue*, 2011 WL 2600984 at *2-3 (D. Colo. June 29, 2011). Nevertheless, I will direct the Commissioner to revisit the entirety of the disability decision in this case because the ALJ has failed to specifically link her findings to the evidence of record.

In discussing the evidence in this case, the ALJ repeatedly refers to record exhibits – some of which comprise 50 or 100 pages of treatment notes from plaintiff's treating doctor – in their entirety. There is no indication from the decision which (if any) specific references or portions of these voluminous records might actually support the ALJ's conclusions. As I noted recently in an opinion reviewing a disability decision from this same ALJ,

> [t]his court is neither required – nor, indeed, empowered –
> to parse through the record to find specific support for the
> ALJ's decision. Such generalized, global references to the
> record make the ALJ's opinion nearly impossible to review,
> and certainly do not constitute substantial evidence in
> support of the Commissioner's disability determination.

(*Gutierrez v. Astrue*, Civil Action No. 13-cv-00053-REB, **Order Reversing Disability Decision, Directing Award of Benefits, and Remanding for Determination of Date of Onset Only** [#17] entered September 9, 2014).) On remand, therefore, the ALJ must revisit the entirety of the disability decision and specifically linker her findings to the

evidence so that a reviewing court can discern precisely the bases for her findings.[3]

**THEREFORE, IT IS ORDERED** as follows:

1. That the conclusion of the Commissioner through the Administrative Law Judge that plaintiff was not disabled is **REVERSED**;

2. That this case is **REMANDED** to the ALJ to

    a. Reevaluate the various medical opinions of record, making specific findings regarding the weight assigned to each such opinion and the reasons therefor;

    b. Solicit further vocational expert testimony, ensuring that any hypothetical propounded to such expert relate with precision to all plaintiff's impairments which are supported by the record and incorporated in her residual functional capacity;

    c. Recontact any treating or examining source, seek the testimony of medical or vocational experts, order further consultation examinations, or otherwise further develop the record as she deems necessary; and

    d. Reassess the disability determination in its entirety, with proper, specific citation linking her findings to the evidence of record; and

---

[3] Because the record requires further development and expatiation, I find it would not be proper to exercise my discretion to direct an award of benefits in this case. *See Nielson v. Sullivan*, 992 F.2d 1118, 1122 (10th Cir. 1993). By this decision, I do not find or imply that plaintiff is or should be found to be disabled.

3. That plaintiff is **AWARDED** her costs, to be taxed by the clerk of the court pursuant to Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1 and 28 U.S.C. § 2412(a)(1).

Dated September 9, 2014, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge